**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald Wayne CLARK, Defendant-**
**Appellant.**

**No. 14784.**

United States Court of Appeals
Sixth Circuit.

Aug. 24, 1962.

J. B. Tietz, Los Angeles, Cal., for appellant.

Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., on the brief.

Before McALLISTER and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

**2**

PER CURIAM.

Appellant having been found guilty in this non-jury case on an indictment charging a violation of Section 456(j) of Title 50, Appendix, U.S.C. for failure and refusal to obey an order of his local draft board to report for civilian work, brings this appeal.

As a member of Jehovah's Witnesses, appellant during the period under investigation engaged in certain preaching and related duties to the extent of some twenty-nine (29) hours per month. In addition, he was employed as a truck driver working from forty-five (45) to seventy (70) hours each week to earn his livelihood.

The Universal Military Training and Service Act of 1951 provides a person who conscientiously objects to combatant and non-combatant service may be ordered by his local draft board to perform civilian work contributing to the maintenance of the national health, safety or interest in lieu of induction into the armed forces. Title 50, Appendix, U.S.C. § 456 (j).

Local Board 303 for Macomb County, Michigan, had classified appellant as 1-O (conscientious objector) from which he requested a change either to a 4-D classification as a minister (32 C.F.R. Sec. 1622.43) or a 3-A classification on the ground that his mother was dependent upon him for support (32 C.F.R. Sec. 1620.30). Several hearings were granted the appellant by his local board, at one of which he appeared and presented his case. He also was given a hearing by the appeal board of the Selective Service System in California where he was residing at the time.

It was on the basis of his religious activities that appellant sought the 4-D classification as a minister which was denied him by the board. Appellant lived in a house trailer with his mother whom he supported, and on the basis of this responsibility claimed the 3-A dependency classification.

Appellant raises a number of questions for consideration by the court. First, he insists that illegal bases were used by the Local Board in denying his claim for exemption as a minister. The trial court after making appropriate findings in this connection ruled that the board's classification of the appellant was predicated upon a basis in fact which was entirely legal. Dickinson v. United States (1953), 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132.

The question of whether appellant was accorded a hearing by his local board consistent with due process is also presented on this appeal. This phase of the matter was considered by the trial judge who ruled that appellant's complaint in this regard was without merit.

Next appellant contends he was denied due process because of the board's refusal to grant him a dependency classification. The trial court found there was a full and fair investigation of this claim and that due consideration of same by the local board was accorded appellant. The trial judge specifically found that appellant failed to present any evidence of "extreme hardship" as required by the statute and regulations to entitle him to a dependency classification under 3-A. 32 C.F.R. Sec. 1622.30(b), Klubnikin v. United States, 227 F.2d 87, 89 (C.A. 9th, 1955) cert. denied 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846.

Another question relates to alleged denial of due process through the local board's order that appellant report for civilian work in a Grand Rapids, Michigan, hospital, an institution not among those initially offered him from which to choose. The appellant declined to make a choice. There was no showing that he would have accepted any position that might have been offered, in fact, to the contrary his every action manifested his intention to refuse any assignment in accordance with the regulations. 32 C.F. R. Sec. 1660.20.

We find with the district judge there was no denial of due process such as to offend a sense of justice with regard to the local board's handling of the plaintiff's matter. Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674.

Finally, appellant complains of error on the part of the district judge in receiving and considering evidence of appellant's secular work schedule as of the time of the trial and after the time of his classification by the local board. The trial judge on this phase of the matter restricted his consideration of the testimony to that period of time during which appellant was seeking a reclassification by his board. In a non-jury case the only issue for review relative to the admission of evidence is whether the verdict is based upon competent and material evidence. There is no showing by the appellant that the decision of the trial judge was based on other than proper evidence. Alexander v. United States, 241 F.2d 351, 356–357 (C.A. 8th, 1957), cert. denied 354 U.S. 940, 77 S.Ct. 1405, 1 L. Ed.2d 1539.

In addition to Dickinson, supra, we have considered and given attention to other authorities bearing particularly upon the question of appellant's classification by his board. In the light of the statute, the regulations and the reported cases we find proper guidelines require a registrant to prove he is a regular minister of his religious sect or organization and one who regularly preaches and teaches the principles of his church. The appellant in our opinion did not meet this burden. Estep v. United States, 327 U. S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Witmer v. United States, 348 U.S. 375, 75 S. Ct. 392, 99 L.Ed. 428; Niznik v. United States, 173 F.2d 328, C.A. 6th, 1949, and 184 F.2d 972, C.A. 6th, 1950; United States v. Chodorski, 240 F.2d 590, C.A. 7th, 1956, cert. denied 353 U.S. 950, 77 S. Ct. 861, 1 L.Ed.2d 858; Pate v. United States, 243 F.2d 99, C.A. 5th, 1957; Wiggins v. United States, 261 F.2d 113, C.A. 5th, 1958.

On review of the entire record we find substantial material evidence to support all of the trial judge's findings herein. We also find ourselves in accord with the district judge's legal conclusions. There being no reversible error we affirm the district court.