**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Truman Eugene WILLARD, Defendant-**
**Appellant.**

**No. 15083.**

United States Court of Appeals
Sixth Circuit.
Jan. 16, 1963.

Certiorari Denied April 1, 1963.
See 83 S.Ct. 1014.

---

Hayden C. Covington, Brooklyn, N. Y., for appellant.

Gerald J. Celebrezze, Asst. U. S. Atty., Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case involves the appeal of defendant-appellant, Truman Eugene Willard, from a judgment convicting him of failing to obey an order of Local Board 79 of Youngstown, Ohio. The order was made under authority of the Universal Military Training and Service Act, Title 50, U.S.C.A.Appendix. The case was tried to the Court without a jury. Defendant, a member of Jehovah's Witnesses, sought exemption from any service on the asserted ground that he was a minister within the meaning of Sections 456(g) and 466(g) (1) (2) and (3), Title 50, U.S.C.A.Appendix. He was denied such exemption and was classified as I-O, Conscientious Objector. When directed to report for work appropriate for such classification, he refused to report.

The evidence produced before the Local Board showed that at the age of ten Willard was ordained a minister in the Watchtower Bible and Tract Society. The fact that he had been so ordained would not, of itself, render Willard a minister within the meaning of the Selective Service Act. To be entitled to such a classification, one must, as a

vocation, be regularly engaged in preaching and teaching his religion, in administering its rites and in discharging the duties of a minister. 50 U.S.C.A.Appendix, § 466(g) (2). Willard was eighteen years old when he first claimed to the Local Board that he was entitled to the ministerial classification. Although there was much testimony given before the Local Board and many affidavits and other documents presented to it, the record which was there made contains uncertainties and ambiguities which are significant on this appeal. One of these is the uncertainty surrounding the amount of time Willard devoted to claimed ministerial activities. It is also unclear what degree of responsibility rested upon Willard in the established hierarchy of the Jehovah's Witnesses. Willard described the largest congregation with which he was associated as having sixty-five members. This group, however, was served by seven ministers, including a presiding minister, and by various assistants who were assigned, to some degree, to separate categories of responsibility. Willard was neither the presiding minister of the congregation nor a first assistant to such presiding minister. The District Judge held that Willard had failed to establish a prima facie case that he was entitled to the ministerial exemption. Because we believe the opinion of the District Judge adequately reviews the material from which the Local Board made its final determination, we make no further recitation of the facts.

Over a period of five years, this young man's case was considered and reconsidered many times. The files before us do not disclose any unseemly haste or arbitrary action in the Selective Service System's effort to determine whether Willard's activities entitled him to exemption as a minister. The following departments of the government, to wit: the Local Draft Board, the Appeal Board, the Ohio Selective Service Headquarters, and the National Headquarters of the Selective Service System considered his claim of exemption. All concurred in the propriety of denying the exemption sought, and of classifying defendant as I-O. If there was factual basis for such classification, neither the District Court nor this Court has authority to substitute its judgment for that of the Local Board.

In these Selective Service cases our power of review is a narrow one.

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review * * *. The decisions of the local boards * * * are final even though they may be erroneous. The question of jurisdiction of the local board is reached *only if there is no basis in fact* for the classification which it gave the registrant." Estep v. United States, 327 U.S. 114, 122, 123, 66 S.Ct. 423, 427, 90 L. Ed. 567, 573.

The burden was on the registrant, Willard, to establish that he was a minister within the contemplation of the statute providing for the exemption sought. "* * * [S]ince the ministerial exemption is a matter of legislative grace, the selective service registrant bears the burden of clearly establishing a right to the exemption." Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132, 137. See the Supreme Court's reaffirmance of the above observations in Witmer v. United States, 348 U.S. 375, 380, 381, 75 S.Ct. 392, 99 L.Ed. 428, 433.

Defendant asserts that there were some procedural irregularities in the processing of his case before the Local Board and the Appeal Board. Procedural impropriety in the District Judge's reception of evidence is likewise charged. We find nothing in such contentions calling for reversal. The facts of this case and the bases for decision are adequately set forth in the District Judge's opinion and findings.

We find no error therein and affirm the judgment of conviction on the opinion of District Judge Kalbfleisch, United States v. Willard, D.C., 211 F. Supp. 643.