**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Darwin Andrew BEATTY, Defendant-Appellant.**

**No. 16240.**

United States Court of Appeals Sixth Circuit.

Aug. 31, 1965.

Richard G. Hutchins, and Ronald Hutchins, Flint, Mich., for appellant.

Paul J. Komives, Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

Appellant brings this appeal from a conviction and sentence in the District Court for knowingly failing to report for civilian work as deemed appropriate by his local draft board and State Selective Service Headquarters in violation of Section 462, Title 50 Appendix, United States Code. Appellant, a Jehovah Witness, sought exemption from service under the Universal Military Training and Service Act (Title 50, U.S.C.) on the ground that he was a minister within the meaning of Sections 456(g) and 466 (g) (1), (2) and (3) of said Act. He was denied such exemption and classified I-O by his board as a Conscientious Objector. When directed to report for work of national importance pursuant to this classification, appellant refused to do so, and as a result was indicted and convicted as aforesaid.

Appellant's principal contention on this appeal is that he made out a prima facie case before his local board establishing himself to be a minister as defined in the Training and Service Act aforesaid, and that the board's denial of his requested ministerial classification represented arbitrary action on its part. Appellant submits the District Court was in error in refusing to accept these views of the matter. The contents of appellant's file, accumulated by his local board, reflects that he was ordained a minister on February 8, 1958, in the Watchtower Bible and Tract Society. However, this fact alone would not render appellant a minister within the meaning of the

Training and Service Act as would entitle him to the ministerial exemption here sought. United States v. Willard, 312 F.2d 605 (CA 6, 1963). To be entitled to such classification, one must be regularly engaged in preaching and teaching his religion as a vocation, in administering its rites and in discharging the duties of a minister. 50 U.S.C. App. § 466(g)(2).

Appellant first claimed a ministerial classification on May 12, 1960. In support of his petition for such, a number of letters and affidavits were presented to his local board. In addition appellant testified concerning his status before his board on several occasions. The record reflects appellant was engaged in activities relating to his sect or organization for an estimated sixteen to twenty hours per week, which included door to door visitation, conducting bible study groups and delivering public addresses and sermons. During this period appellant was employed by an advertising firm for approximately twenty hours per week distributing its materials. It is not entirely clear as to what extent responsibility rested upon appellant in the established hierarchy of his denomination, but it is clear that he was not a presiding minister or its equivalent, a congregational servant. The appellant's case has been considered four times by his local board and once by the appeal board of his area since his first petition aforesaid. In each instance a ministerial classification was denied. If there is in this case a factual basis in the proof for such classification, this Court has no authority to substitute its judgment for that of appellant's board.

In this type of case, as was pointed out in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, our power of review is a narrow one. The Supreme Court in that opinion said:

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action the customary scope of judicial review * * *. The decisions of the local boards * * * are final even though they may be erroneous."

Since the ministerial exemption herein is a matter of legislative grace, a registrant under the within Act has the burden of establishing his right to such exemption. The District Court in this case found appellant failed to meet this burden. With its decision we agree since there is clearly present a factual basis to support the board's decision that appellant was not a minister within the meaning of the Training and Service Act herein. We can not agree with appellant's contention that he met the vital requirement of regularly preaching and teaching his religion as a vocation. We add that the record does not disclose that appellant's classification resulted from arbitrary action on the part of those administering the Selective Service System. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; United States v. Willard, supra; United States v. Clark, 307 F.2d 1, (CA 6, 1962).

Appellant's challenge concerning the sufficiency of the indictment in this case is found to be without merit. Basic facts covering the essential elements of his offense were alleged with sufficient particularity to fairly apprise appellant of the nature of the charge against him. Butzman v. United States, 205 F.2d 343, (CA 6, 1953), cert. den. 346 U.S. 828, 74 S.Ct. 50, 98 L.Ed. 353.

Finding no reversible error in the action of the District Court, its judgment is affirmed.