**James Daniel LOEWING, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 9772.**

United States Court of Appeals
Tenth Circuit.

April 8, 1968.

Richard V. Thomas, Cheyenne, Wyo., filed a brief for appellant and appellant also filed a brief pro se.

Robert N. Chaffin, U. S. Atty., and LeRoy V. Amen, Asst. U. S. Atty., filed a brief for appellee.

---

Before MURRAH, Chief Judge, MARVIN JONES*, Judge, Court of Claims, and BREITENSTEIN, Circuit Judge.

PER CURIAM.

In a trial to the court, appellant was found guilty of violating, the Universal Military Training and Service Act, 50 App.U.S.C. § 462, by failure to report for civilian work to which he was assigned. Appellate is a member of the Jehovah Witness sect and was classified as a conscientious objector. He raises no objection to his classification. The government does not question the sincerity of his beliefs.

The appellant claims that, as applied to him, the Act violates the First Amendment. His position is that performance of the required civilian work will prevent him from practicing his religion and will exclude him from the hope of eternal salvation if Armageddon should occur while he is so engaged. He argues that the First Amendment insulates him from a statute which requires him either to suffer imprisonment or to compromise his religious beliefs.

The Act was passed pursuant to the war power of Congress and its constitutionality has been repeatedly sustained. See United States v. Nugent, 346 U.S. 1, 9, 73 S.Ct. 991, 97 L.Ed. 1417, and other cases infra. The constitution does not exempt a person from service in the armed forces because of religious beliefs. Selective Draft Law Cases [Arver v. United States], 245 U.S. 366, 390, 38 S.Ct. 159, 62 L.Ed. 349; Imboden v. United States, 6 Cir., 194 F.2d 508, 513, cert. denied 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357; Etcheverry v. United States, 9 Cir., 320 F.2d 873, cert. denied 375 U.S. 930, 84 S.Ct. 331, 11 L.Ed.2d 263. Absent a constitutional right to exemption, the appellant has no constitutional grounds for challenging the conditional exemption which requires him to do civilian work. Roodenko v. United States, 10 Cir., 147 F.2d 752, 754, cert. denied 324 U.S. 860, 65 S.Ct.

867, 89 L.Ed. 1418. The stated principles were not changed by United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733. The Court was there concerned with the application of the criteria established by the Act. An individual has the right to determine and hold his own religious beliefs but, when they collide with the power of Congress, the latter prevails.

The appellant offered, and the district court rejected, expert testimony covering the tenets of his religious sect. The government has not questioned the teachings of appellant's religious faith or his sincerity in adhering to them. The offer added nothing and was properly refused. O'Moore v. United States, 5 Cir., 370 F.2d 916, 917.

Affirmed.

---

* Sitting by designation.