**Robert Wesley DAVIS, Appellant.**

v.

**UNITED STATES of America, Appellee.**

No. 25077.

United States Court of Appeals Fifth Circuit.

Sept. 12, 1968.

As Corrected Oct. 16, 1968.

Rehearing Denied Oct. 25, 1968.

See 402 F.2d 513.

Thomas G. Lilly, Jackson, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant, a Jehovah's Witness, was classified by his local draft board in Class 1-O as a conscientious objector and ordered to report for rehabilitation work at the Mississippi State Hospital for a 24-consecutive-month period in lieu of induction.

He complied with the order and began working in the Mississippi State Hospital on August 1, 1966, but was subsequently discharged on December 9, 1966 for allowing a patient to leave the hospital without consent or authorization, in return for a payment of $50, in violation of hospital rules and regulations explained to him at the time of his employment.

On February 13, 1967, the State Director of Selective Service directed appellant to report on or before February 27,

1967 to Rush Foundation Hospital, Meridian, Mississippi, for assignment to hospital work. He reported on that date to the hospital and filled out his application but did not start work, stating that he would like to wait until the following Monday, March 6, 1967, to start work because he had to find a place to stay. Permission was then given to start work on March 6, but he did not again return to the hospital or report for work.

He was indicted for violation of Title 50 U.S.C.App. § 462 in that on or about March 6, 1967, and thereafter, he wilfully failed and refused to report to Rush Foundation Hospital for civilian work contributing to the maintenance of the national health, safety and interest as ordered by the local board. He was tried and found guilty by the Court, a jury having been waived, and thereafter brought this appeal.

Appellant contends that the Government failed to prove that his local board ordered him to report for civilian work at Rush Foundation Hospital on or about March 6, 1967, or thereafter; that the order to report for civilian work issued by the State Director was beyond his authority; that he reported for civilian work at Rush Foundation Hospital on February 27, 1967, as ordered, and that particular duty having been complied with, he had no duty thereafter from day to day to report for civilian work.

■ We find no merit in any of these contentions. The record is clear that though he reported to the hospital on February 27, 1967, he requested permission to defer starting work to March 6, 1967, in order that he might find a place to live, and thereafter failed and refused to return to the hospital and to perform the civilian work required of him in lieu of induction. The indictment correctly charged that on or about March 6, 1967, and thereafter, he wilfully failed to report to the hospital for civilian work. The record amply supports the Court's verdict. When he reported to the hospital on February 27, 1967, he had a continuing duty to continue work until the full 24-month period had expired. He

was granted the courtesy of starting work on March 6, 1967, and his failure to do so on that date and thereafter was clearly a violation of the order to report to Rush Foundation Hospital and perform work as directed.

■ The State Director had authority to transfer appellant to other civilian work after his discharge from the Mississippi State Hospital for violation of hospital regulations. See Selective Service System Local Board Memorandum No. 64 issued March 1, 1962, § 8(b).

Affirmed.