**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond Leon JACKSON, Defendant-Appellant.**

**No. 18645.**

United States Court of Appeals Sixth Circuit.

March 24, 1969.

Martin W. Quallich, Cleveland, Ohio, (Court appointed) for appellant.

Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, for appellee; Bernard J. Stuplinski, U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, CELEBREZZE, and McCREE, Circuit Judges.

PER CURIAM.

Appellant was indicted for failing to report for civilian work in obedience to an order of his local draft board. 50 U.S.C. App. §§ 456(j) and 462(a). He waived a trial by jury, was found guilty, and was sentenced to three years in prison. On appeal he raises three questions: the correctness of his classification as a conscientious objector (I–O) instead of a minister (IV–D); the propriety of the procedures employed by the local board, and in particular its refusal to reopen his classification upon request; and the sufficiency of the evidence to establish that he is guilty of the alleged violation.

■■ It is undisputed that appellant failed to exhaust his administrative remedies following classification as a conscientious objector. This alone precludes judicial review of the validity of his classification. Billings v. Truesdell, 321 U.S. 542, 558, 64 S.Ct. 737, 88 L.Ed. 917 (1944). However, even if this question had been properly preserved for review by the courts, we hold that there was a basis in fact for rejecting appellant's request for a ministerial exemption and for classifying him as a conscientious objector. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Beatty, 350 F.2d 287 (6th Cir. 1965).

■■ Since appellant failed to make a timely request for a personal appearance or appeal his classification within the prescribed time, the local board was not required to reopen his classification upon request. However, prior to the issuance of the order to report for civilian work, the local board, in its discretion, could have reconsidered its action if appellant's request had been accompanied by written information presenting facts not considered when appellant was originally classified which, if true, would have justified changing his classification. Subsequent to the order to report, the Board could reconsider its action only if there had been a change in appellant's status "resulting from circumstances over which [he] had no control." 32 C.F.R. § 1625.2.

■■ Appellant's first request to reconsider his classification was made prior to the issuance of the order to report, but was denied by the Board because the additional information furnished by appellant would not have justified a change in his classification. Appellant's second request was made after receipt of the order to report, and was again denied. Although there had been a change in his circumstances, the Board found that it was not the result of "circumstances over which [he] had no control." [1] In each instance the Board acted within the limits of its discretion and there was a basis in fact for its action. Estep v. United States, *supra;* United States v. Beatty, *supra.* Furthermore, the procedures employed accorded appellant due process in all respects, and the Board's order to report for civilian work was therefore valid.

■■ Appellant's final objection is based on the allegation that the record is devoid of the required proof that but for his classification as a conscientious objector he would have been ordered to report for induction on the day he was ordered to report for civilian work. 32 C.F.R. § 1660.20. The objection has no merit. There is testimony in the record that the processing of registrants was according to date of birth and that appellant would not have received his order to report prior to anyone else in his age group or category.

Affirmed.

---

1. The change was an increase in the number of hours devoted to ministerial duties.