**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Charles Richard PHILLIPS, Defendant-Appellant.**

**No. 28743**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 4, 1970.

Weaver Gore, Jr., Jackson, Miss., court-appointed, for appellant.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., E. Donald Strange, Asst. U. S. Atty., for United States.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge.

The appellant, classified as a conscientious objector to military service, was offered in lieu of induction three different types of civilian work in the national interest—maintenance work, rehabilitation work and dietary work, all at Mississippi State Hospital. He offered to perform maintenance work at the hospital, and was assigned by the local Selective Service Board to that work. *See* 32 C.F.R. 1660.20.

■ Appellant reported to the hospital and worked there for approximately three months, then left. He was convicted by a jury for failing to report for and remain in employment for 24 consecutive months, in violation of 50 U.S.C. App. § 462.[1] The conviction is affirmed.

■ There is no merit to the contention that appellant was assigned to a type of work other than that to which he had been ordered by the local board, and that such alleged misassignment required the District Court to grant a motion for judgment of acquittal. We need not even reach the legal effect of a deviation in assignment, because in this case there was adequate evidence that the tasks performed by appellant in the hospital warehouse were within the terminology "maintenance work." In addition, before appellant was assigned by the hospital to a job, he represented to the hospital personnel officer that he had prior experience in warehouse work, expressed a preference for it instead of heavier manual maintenance work, and by a written statement willingly assented to placement in the warehouse. The warehouse is part of the maintenance department of the hospital and maintains equipment, supplies, clothing, shoes, blankets and other items, as well as receives, handles, and ships goods of many kinds used in operation of the hospital. Appellant was assigned as a shipping and receiving clerk in the warehouse, which job, despite its title, is not clerical in nature but involves the physical handling of incoming, outgoing and stored goods, with nominal checking of goods against documents.

After three months appellant left. He wrote the hospital that he had quit and that he was sorry he had worked as long as he did. At trial he testified to various reasons for leaving the job—that he left because of his religious beliefs, because he could not do the assigned work, which caused him chest pains, and because he needed to make more money.

■ The court correctly overruled the motion to dismiss the indictment, which charged failure to report for and remain in employment at the Mississippi State Hospital for 24 consecutive months. This was sufficient for him to prepare a defense and to plead the judgment of conviction as bar to another prosecution. United States v. Beatty, 350 F.2d 287 (6th Cir. 1965), cert. denied, 382 U.S. 1028, 86 S.Ct. 651, 15 L.Ed.2d 541 (1966). See *also,* under earlier statute, Conway v. United States, 142 F.2d 202 (9th Cir. 1944); United States v. Fratrick, 140 F.2d 5 (7th Cir. 1944). Cases concerning indictments for refusal to perform particular work duties while engaged in civilian work have no application, *e. g.,* Lowenburg v. United States, 156 F.2d 22 (10th Cir. 1946) (under Selective Service Act of 1940).

■ The oral motion for a bill of particulars was made at the commencement of trial. The court did not abuse its discretion in overruling it.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969).