**UNITED STATES of America**

v.

**David Everett PALMER.**

**Crim. No. 70-82.**

United States District Court,
E. D. Pennsylvania.

June 18, 1971.

Louis C. Bechtle, Henry J. Horstmann, Philadelphia, Pa., for plaintiff.

Sanford Kahn, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

The defendant, David Everett Palmer, was tried before the Court on December 18, 1970 on a waiver of jury trial. The charge is set forth in a one count indictment under 50 U.S.C. App. § 462—failing to perform a duty required by the Selective Service Act by refusing to report for civilian work as required by 50 U.S.C. App. § 456(j). To this charge, the defendant is found guilty.

## FINDINGS OF FACT

1. Defendant filed SSS Form 100 with Local Board No. 36 in Doylestown, Pennsylvania, on February 4, 1965. He claimed conscientious objector status and requested SSS Form 150.

2. Defendant filed SSS Form 150 with the local board on April 13, 1965.

3. On May 13, 1965, defendant was classified in Class I–O (Conscientious Objector) by his local board.

4. On June 6, 1967, defendant was ordered to report for civilian work for a period of twenty-four (24) months at Jeannes' Hospital, Philadelphia, Pennsylvania. Defendant had been working in this position since September 6, 1966.

5. On or about November 1, 1967, defendant was dismissed from his position at Jeannes' Hospital because of his absence from October 23, 1967 to November 1, 1967.

6. On December 4, 1967, defendant returned his Selective Service registration and classification cards to his local board, expressing his intention not to complete the final ten (10) months of his civilian service. His refusal to complete such service led to his arrest and the present indictment for failing to perform a duty as required under the Selective Service Act.

## DISCUSSION

The defendant bases his entire defense on the argument that requiring him to perform alternate civilian service is unconstitutional in that (1) it violates the Fifth Amendment safeguard of substantive due process; (2) it violates his First Amendment right to the free exercise of his religion. We find no reason to depart from the unvarying line of cases which have rejected these constitutional objections.

■ That civilian work in lieu of induction does not constitute involuntary servitude as proscribed by the Thirteenth Amendment seems beyond question. The draft laws in general have been held to be not violative of the Thirteenth Amendment. Selective Service Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918). The courts have unanimously held that an assignment to civilian work is not in violation of the Thirteenth Amendment. Hall v. United States, 437 F.2d 1063 (7th Cir. 1971); United States v. Holmes, 387 F.

2d 781 (7th Cir. 1968), cert. den. 391 U. S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968); Badger v. United States, 322 F.2d 902 (9th Cir. 1963), cert. den. 376 U.S. 914, 84 S.Ct. 669, 11 L.Ed.2d 610 (1964).

■ The main thrust of defendant's arguments is that there is no rational basis or compelling interest for the requirement of alternate civilian service so as to offend substantive due process and the free exercise requirement of the First Amendment. Defendant devotes virtually his entire brief to countering the justifications for requiring civilian service during peacetime which are given in United States v. Boardman, 419 F.2d 110 (1st Cir. 1969), cert. den. 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970).[1] In that case the court, in rejecting a First Amendment argument identical to that made here, relied on the premise that to require alternate service avoids the difficulties implicit in granting a total exemption based on individual belief, such as the potential threat to the morale of the armed forces, or the problem of distinguishing self-serving claims from sincere beliefs. In asking us to reject these assumptions, defendant wants us to question the *wisdom* of the requirement which has been imposed by Congress. Even if there might be other ways in which Congress could have struck the balance between conscience and the needs of the Selective Service System, this is a point at which we must defer to the Congressional judgment as to what is necessary and appropriate. United States v. Boardman, supra.

This court, having rejected defendant's constitutional objections to alternative civilian service as a Conscientious Objector, finds the defendant guilty of failing to perform a duty required by the Selective Service Act.

The above constitutes our conclusions of law.

---

1. See also United States v. Crouch, 415 F.2d 425 (5th Cir. 1969); Loewing v. United States, 392 F.2d 218 (10th Cir. 1968), cert. den. 393 U.S. 878, 89 S.Ct. 177, 21 L.Ed.2d 150 (1968); and Reese v. United States, 225 F.2d 766 (9th Cir. 1955).