**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Frances BURNS, Defendant-Appellant.**

**No. 71–1185.**

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1971.

W. Allen Spurgeon, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., and Gordon L. Allott, Jr., First Asst. U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Albert B. Dawkins, Denver, Colo., for defendant-appellant.

Before LEWIS, Chief Judge, and PICKETT and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Burns, a registrant under the Military Selective Service Act of 1967, was duly classified as a conscientious objector opposed to military service, combatant or noncombatant. He was ordered to report at a designated place to perform appropriate civilian work in lieu of military service. He appeals from a conviction on a charge of knowingly and wilfully refusing and failing to comply with the order. The substance of the contentions presented is that the evidence is insufficient to show that he knowingly and wilfully failed and neglected to perform the work assigned to him. We find no merit in his contentions.

In January of 1970 Burns reported to St. Anthony Hospital in Denver, Colorado as ordered by his local board and began work there as a physical therapist orderly. He appeared with long hair and in "dirty," unkempt clothing and thereafter he refused to "clean up" upon request by his superiors. This resulted in his transfer to the hospital laundry where the manager of the laundry department advised Burns that hospital policy required cleanliness, and that if he did not trim his hair [1] and "clean up" it would be necessary to take some discipli-

---

1. The hospital had no rule prohibiting the wearing of long hair by male employees.

nary action. Burns's reply was, "Well, if this is the way it is, I am leaving." According to his testimony, Burns thought his appearance was his own business and he left the hospital with no intention of returning. The hospital notified the Selective Service authorities that Burns had discontinued his employment, whereupon he was directed to appear before the board on a specific date "to discuss your civilian work status \* \* \*." Burns appeared at the designated time and advised the board in writing as follows: "I will not accept any order [of the] Selective Service System. I feel that their right to order me at all is an infringement on my rights as an individual and as a human being." This prosecution followed.

There is no dispute as to the material facts. It was stipulated that Burns was ordered to report for work at St. Anthony Hospital for a period of twenty-four consecutive months, and that he "reported to the hospital for such employment in January of 1970 and remained in that employment until March the 12th, 1970, at which time he left that employment without being released or transferred by proper authority" pursuant to 32 C.F.R. § 1660.21 (1971). Burns admitted that he refused to remedy his appearance to comply with hospital rules, stating, in effect, that it was his personal right to do as he pleased. The statutory authority for assigning registrants to "civilian work" contributing to the maintenance of national health, safety or interest, as the local board pursuant to Presidential regulations may deem appropriate, is found in 50 U.S.C. App. § 456(j). The penalty for knowingly failing or neglecting to perform a duty required of a registrant under the statute or rules and regulations made pursuant thereto is fixed in 50 U.S.C. App. § 462(a).

■ An exemption, limited or otherwise, from actual military service, for any reason, is not a constitutional right of a registrant under the Selective Service Act, but one of legislative grace. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953);

United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302 (1931), rev'd on other grounds, Girauard v. United States, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084 (1945); Loewing v. United States, 392 F.2d 218 (10th Cir. 1968), cert. denied, 393 U.S. 878, 89 S.Ct. 177, 21 L.Ed.2d 150 (1968); Roodenko v. United States, 147 F.2d 752 (10th Cir. 1944), cert. denied, 324 U.S. 860, 65 S. Ct. 867, 89 L.Ed. 1418 (1945). The duty of a registrant classified as a conscientious objector under the provisions of the Act to perform his statutory obligation is no less than that of those who are drafted to serve in the armed forces. The obligation of a conscientious objector duly assigned to civilian work cannot be avoided by deliberately refusing to comply with reasonable work rules and requirements established by an employer to whom he was ordered to report, or by personal conduct which creates a situation intolerable to the employer. Elizarraraz v. United States, 400 F.2d 898 (5th Cir. 1968). The statutory duty to perform the designated work is a continuing one for a period of twenty-four months. United States v. Phillips, 423 F.2d 1134 (5th Cir. 1970); Davis v. United States, 400 F.2d 577 (5th Cir. 1968), cert. denied, 394 U.S. 908, 89 S. Ct. 1019, 22 L.Ed.2d 219 (1968); Frank v. United States, 236 F.2d 39 (9th Cir. 1956). In this regard, the trial court instructed the jury as follows:

"Now, in this case, ladies and gentlemen, up to and including the period of March the 12th, 1970, creates an issue of whether or not his quitting the job or refusal to continue in the laundry room employment at the hospital was wilfull and knowing would require a determination by you as to whether or not the requirements put upon the defendant by the hospital were reasonable or unreasonable. No person in such employment has the right to determine for himself what are the reasonable conditions of his employment and what are unreasonable conditions of employment."

This is a correct statement of the law.

It is quite clear from the record and from Burns's own testimony that he was determined to work on his own terms and that if he were going to be "hassled" as to his appearance and cleanliness, he wouldn't work at all. The reasons he gave for refusing to continue his work involved not just a question of the length of his hair and the cleanliness and condition of his clothes, but "the whole Selective Service System." This was illustrated by his statement to the board that he thought its right to order him to do anything "is an infringement of my rights as an individual and as a human being." From the record evidence, it was within the province of the jury to find that Burns wilfully left his employment and that his objection to the hospital work requirements was a pretext to avoid doing anything to further the military of the United States.

Affirmed.

Heaney, Circuit Judge, filed dissenting opinion.