UNITED STATES of America,
Plaintiff-Appellee,

v.

Daniel Joseph KEKICH, Defendant-
Appellant.

No. 72-1292.

United States Court of Appeals,
Sixth Circuit.

July 21, 1972.

Charles A. Trost, Courtney, Trost, Leech & Hardin, Columbia, Tenn., for defendant-appellant.

Joe B. Brown, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., Fred D. Thompson, Asst. U. S. Atty., Nashville, Tenn., on brief.

Before WEICK and MILLER, Circuit Judges, and TUTTLE, Senior Circuit Judge.*

PER CURIAM.

Kekich was an 18 year old high school graduate employed as a service station attendant who claimed exemption from military service in his Classification Questionnaire (SSS Form 100) as a minister of Jehovah's Witness denomination (IV–D Classification), and also as a Conscientious Objector (I–O Classification). He filed with his Local Board a Special Form for Conscientious Objector (SSS Form 150).

His Local Board classified him IV–D on December 28, 1967. In his Classification Questionnaire, he stated that he had been an ordained minister of Jehovah's Witnesses since July 30, 1958. He was then nine years old. At the time he registered for the draft he was officially an assistant to a Study Conductor and devoted as much as 75 hours a month to house-to-house witnessing. Later, on December 8, 1968, he filed a Current In-

* Honorable Elbert Parr Tuttle, Senior Circuit Judge, Fifth Circuit, sitting by designation.

formation Questionnaire (SSS Form 127) in which he stated that he had two additional responsibilities, namely, that of Literature Servant which involved duties of a secretary or bookkeeper, and Bible Study Servant or a Sunday School teacher.

On March 26, 1969, the State Director of Selective Service, following an investigation by a field representative, wrote to the Local Board requesting that Kekich's classification be reopened and reconsidered. Kekich was notified in writing of this request and that he could submit additional information to his Local Board. He did not avail himself of that opportunity. The Local Board reopened his classification and reclassified him as I–O on April 9, 1969. He was given written notice of his reclassification and of his right to appeal within 30 days and to have a personal appearance before the Board, and also of his right to have an Appeals counsel advise him without charge. He filed no appeal. He did not request a personal appearance. Instead, he refused to perform the civilian service required of conscientious objectors when ordered by the Board. He was indicted, tried and convicted in the District Court for refusing to perform such service. He has appealed from his conviction. He is unemployed.

■ At the outset we are met with the threshold question whether Kekich, having failed to exhaust his administrative remedies by appealing to the Appeals Board, can obtain judicial review of his classification. He had the opportunity to make up a record by furnishing additional information to either his Local Board or the Appeals Board. He deliberately chose not to do so. He thereby deprived the Appeals Board of the opportunity of applying its expertise in fact finding to the available record. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

In the District Court he at first claimed that he was misled by his Local Board. The District Court offered to give him an evidentiary hearing on that issue if he would file a motion making the assertion. He filed no such motion. Instead, he did file a motion for a hearing on the issue of exhaustion of his administrative remedies. In his order, the District Court stated:

"In the brief supporting such motion, however, defendant admits that his conclusion as to the futility of an administrative appeal was purely his own and was not based upon any misleading statements made by members or employees of his Local Board."

Reliance by Kekich on McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), is misplaced. *McKart* involved a question of statutory interpretation which was purely a question of law. In that case, the registrant neglected to appeal from the Local Board's denial of sole surviving son status where all the relevant facts had been presented. In the present case, the Local Board was required to determine the validity of Kekich's claim to ministerial status which involved factual determination of the nature and extent of his religious activities. Our case is more like McGee v. United States, *supra*, where the Court held that exhaustion was required with respect to a claimed conscientious objector classification since a factual determination was involved.

■ Fact finding for the purposes of classification is primarily the function of the Local Board and the Appeals Board on a de novo review. Judicial review is narrowly limited to a determination whether there is basis in fact for the classification. 50 U.S.C. App. § 460(b) (3) (1964 ed. Supp. V); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Willard, 312 F.2d 605 (6th Cir.), cert. denied, 372 U.S. 960, 83 S.Ct. 1014, 10 L.Ed.2d 13 (1963). We hold that exhaustion of his administrative remedies was required in the present case.

■ We further find that there was basis in fact for the denial of a ministerial classification. The ministry was

not the main and primary vocation of Kekich. His limited activities indicated rather clearly that he was in the lower echelon of the church and not a leader. He was not recognized in the church as a leader. In our opinion he did not qualify as a minister of the gospel. United States v. Pompey, 445 F.2d 1313 (3rd Cir. 1971); United States v. Griffin, 434 F.2d 740 (6th Cir. 1970); Robertson v. United States, 417 F.2d 440 (5th Cir.), en banc; McCoy v. United States, 403 F.2d 896 (5th Cir. 1968).

Affirmed.