**UNITED STATES of America,**
**Appellee,**

v.

**Robert Lee HULL, Appellant.**

**No. 11339.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1967.

Decided Feb. 23, 1968.

Certiorari Denied June 10, 1968.

See 88 S.Ct. 2076.

Donald E. Ramseur, Gastonia, N. C. (Court-appointed counsel), for appellant.

Joseph R. Cruciani, Asst. U. S. Atty. (William Medford, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

Robert Hull, a Jehovah's Witness, appeals from his conviction for failing to submit to induction into the armed forces in violation of the Universal Military Training and Service Act, 50 U.S.C.A. App. § 462. The appellant has contended throughout that he is a duly ordained minister of his church and as such is entitled to a ministerial exemption under 50 U.S.C.A. App. § 456(g).

The record indicates that on May 6, 1964, Hull returned his Selective Service classification questionnaire, only partially completed and unsigned, claiming a ministerial exemption and requesting a conscientious objector form. When according to Hull's own testimony, he "negligently" failed to return both the conscientious objector form and a current information questionnaire later sent him by his local draft board, he was classified I–A, making him available for active military duty. On appeal to his draft appeal board, Hull was again refused the requested IV–D ministerial exemption, but his classification was changed from I–A to I–A–O, conscientious objector, noncombatant, and he was ordered to report

for induction. Refusing to take the required oath, he was indicted and convicted.

In support of his claim to ministerial status, Hull asserted that he occupied the position of Assistant Presiding Minister of the Hickory, North Carolina, Congregation of Jehovah's Witnesses, devoting anywhere from 10 to 78 hours per month, said to average about 22–25 hours, to the performance of his ministerial duties in addition to the time dedicated to religious study. His duties included serving as a Magazine Territorial Servant, "preach[ing] from house to house" and conducting book study seminars. While the registrant admitted holding various secular jobs, he insisted that this was necessary to sustain himself and was never permitted to interfere with his ministerial work.

■■ The central issue is the propriety of the local draft board's I–A–O classification. In reviewing the board's rejection of Hull's ministerial claim, we note preliminarily that the exemption is a narrow one, and that the burden is upon the registrant to establish that he is a minister within the contemplation of the statute. Dickinson v. United States, 346 U.S. 389, 394–395, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Since the Government does not challenge the facts represented by Hull, his right to the exemption turns on whether he has made a *prima facie* case. The test, as enunciated in this and other circuits, is double pronged. First, the registrant must satisfactorily demonstrate that he stands as a leader *vis-a-vis* the other members of the congregation, United States v. Jackson, 369 F.2d 936 (4th Cir. 1966); United States v. Stewart, 322 F.2d 592 (4th Cir. 1963); Fitts v. United States, 334 F.2d 416 (5th Cir. 1964); United States v. Willard, 312 F.2d 605 (6th Cir. 1963). The second requirement is that the registrant's religious duties, as above defined, constitute his vocation, and not a mere avocation. Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953). As the statute specifies, he must be one who "regularly, as a vocation, teach[es]

and preach[es] the principles of religion and administer[s] the ordinances of public worship." 50 U.S.C.A. App. § 466(g) (3). Our present concern is not with the sincerity of the registrant in making the claim or with the depth of his commitment to his church or faith. These are not disputed here and may be taken for granted. Rather, we focus on the position he holds within the church hierarchy and his relation to the congregation.

The problem is particularly perplexing when the registrant is one of Jehovah's Witnesses, a sect in which all adherents are denominated ordained ministers holding various titled positions. In the structure of the church, the Congregation Servant presides and is in a position comparable to that of the minister in the more conventional denominations. Immediately below him are the Pioneer Ministers, who are required to devote a minimum of 100 hours a month to religious duties, and the Assistant Congregation Servant, who assumes leadership of the church in the absence of the Congregation Servant. Then come the Bible Study Servants, Magazine Territory Servants, Accounts Servants and various study and school Servants. Since Hull falls somewhere in the lower echelons of church officials, the evidence does not cast him as a presiding minister or even a necessary assistant, but rather as a devoted and active member of the congregation.

■■ As interpreted by the courts, the statute does not insist that the registrant be the sole leader of his congregation. In Wiggins v. United States, 261 F.2d 113, 119 (5th Cir. 1958), the court upheld the right to an exemption of one who had shown that "he stood in the relation of a religious leader to other members of his faith, in a capacity comparable to that of an assistant pastor." More recently, it has been held that the cantor of a Jewish synagogue, who co-officiates with the rabbi in conducting worship and other religious functions, may be granted a ministerial exemption, Kanas v. Yancey, 385 F.2d 506 (2d Cir.

1967). In each case, the court found that the registrant had sufficiently established the necessity of his presence for the proper administration of the ordinances of his faith to make out a *prima facie* case which, in the absence of any rebuttal evidence, entitled him to a ministerial exemption. Adopting the liberal approach these cases indicate, we are still unable to say that the draft board erred in not making the requested finding since the facts in the instant case fail to satisfy the minimum requirement of the law.

Affirmed.