**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arthur Chester BANKS, III, Defendant-Appellant.**

**No. 26961.**

United States Court of Appeals
Fifth Circuit.

July 11, 1969.

Rehearing Denied Aug. 25, 1969.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Allen L. Chancey, Jr., Acting U. S. Atty., Atlanta, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

The appellant was convicted of failing to submit to induction in violation of 50 App.U.S.C. § 462. He received a five year sentence. We affirm.

In March, 1967, Banks picked up Form 150, the conscientious objector questionnaire, but he never returned it. On August 3, 1967, the Board mailed him a notice to report for induction. The notice was later returned "addressee unknown". Seven days later, Banks wrote his Board and requested Form 150, which had already been given him. The form was mailed along with the induction notice. Again Banks apparently did not receive the mail. Ultimately he got a sample form and returned it to the Board. On September 19, 1967, the appellant made a personal appearance before the Board to present his case. On September 27, 1967, he was notified by letter that the Board had decided not to reopen his classification. The letter ordered Banks to report for induction on October 3, 1967. On October 2, 1967, Banks requested to appeal the Board's decision. The Board's clerk informed him that he could not appeal.

Was the appellant deprived of due process by the local board's failure to reopen his classification, thereby denying his right to appeal?

32 C.F.R. § 1625 states that the "classification of the registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control". The registrant has a right to appeal only if the registrant's classification is reopened and the registrant is classified anew. Thus if the Board properly refused to reopen the appellant's classification, he was not denied his statutory right to appeal.

The appellant attempts in his brief to discuss the merits of his conscientious objector status. The hard fact remains, however, that before the merits could be considered, the Board had to determine if there was a change in status beyond the registrant's control because the requested change came after the induction notice was mailed. As we read the regulations, if the Board finds such change was within the control of the registrant, the classification may not be reopened even if the registrant was otherwise entitled to the requested change. Thus if we should determine that the Board properly declined to reopen the appellant's classification, we need not consider the question of the appellant's conscientious objector status.

Ingenuously the appellant argues that while *in form* the Board may have refused to reopen his classification, the Board *in fact* reopened the case and found the evidence insufficient to warrant the I-O classification. The appellant's contentions are based in large measure upon conjecture and speculation. Ironically the appellant relies upon the Board's extreme display of patience to support his contention that the Board in fact considered the merits of his conscientious objector claim and hence in fact did reopen his classification. The appellant points to the following acts of the Board: The Board could have rejected the claim because the appellant did not keep his address current. The Board could have refused to grant the appellant a personal appear-

ance. The Board could have refused to postpone his induction. The appellant concludes that the reason the Board did none of these things must have been that it was impressed with his conscientious objector claim.

The appellant makes much of the language the Board used in its letter refusing to reopen Banks' classification.

"This is to advise you that the board after careful consideration does not think the evidence submitted with your SSS Form 150 justified the reopening of your classification. According to Selective Service Regulations they could not grant you a I-O classification".

The appellant contends that the above statement clearly reflects that the Board actually considered the evidence which was offered to support the conscientious objector claim. Thus if it considered such evidence it must have been satisfied that the change in status had occurred beyond the control of the appellant.

This argument is untenable because the regulation states that the Board *shall not* reopen unless it *specifically* finds that the change in status was beyond the control of the registrant. Here the Board did not make such a finding, nor are there any facts whatever to suggest that the Board should have made such a finding.

Six months prior to induction, Banks requested a conscientious objector form. Even if he had a valid basis for asserting conscientious objector status, he cannot now justly complain that the local board refused to reopen his case because he had ample opportunity to raise his claim of conscientious objection before an induction order was sent but utterly failed to do so. See United States v. Gearey, 2 Cir., 1966, 368 F.2d 144.

This appeal is utterly devoid of merit and the Judgment of the District Court is

Affirmed.