UNITED STATES ex rel. Johnny Bussie JOHNSON, Plaintiff-Appellant,

v.

Brig. General Richard L. IRBY, United States Army, Commanding Officer, Fort Polk, Louisiana, Defendant-Appellee.

No. 29062.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1971.

Charles White, New Orleans, La., Michael B. Trister, Oxford, Miss., James Cox, Lake Charles, La., John W. Reed, New Orleans La., for appellant.

Donald E. Walter, U. S. Atty., R. Perry Pringle, David R. Lestage, Asst. U. S. Attys., Shreveport, La., Robert H. Schemwell, Asst. U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this appeal a member of the Armed Forces challenges the validity of his induction by filing a writ of habeas corpus. We affirm the district court's denial of the writ.

Johnny Bussie Johnson completed his college education and accepted a position as a high school mathematics teacher for the school year 1968–1969. Upon re-

quest, Local Board No. 10, Houston, Mississippi, granted Johnson an occupational deferment as a teacher (II–A), enabling him to pursue the year's work free from the threat of military induction. This threat became real, however, when Johnson came to his local board in early June, 1969, and informed it that he would not return to the teaching job the following fall. The board promptly classified Johnson I–A, available for military service, after determining that such a change in occupational status nullified the deferment.

On July 29, 1969, Johnson was mailed an order to report for induction. Several days later the Dean of Mary Holmes College at West Point, Mississippi, requested that the board defer Johnson as a teacher at the college. After a meeting on August 12, 1969, the board declined to reopen Johnson's classification because deferment was not requested until after the order of induction was issued and there was no finding of "circumstances over which the registrant had no control". 32 C.F.R. § 1625.2 (1967). Johnson submitted to induction and now asks that we command his release from the Army by granting a writ of habeas corpus.

■■ It is beyond dispute that the local draft board must reopen a registrant's classification (and thereby allow administrative review of the claim) when the registrant presents nonfrivolous allegations of facts which, if true, would warrant a change in the draft classification. Mulloy v. United States, 1970, 398 U.S. 410, 90 S.Ct. 1766, 26 L. Ed.2d 362. However, to obtain a reopening of the classification after the order for induction has issued, the registrant must do more than present a prima facie case for a new draft status—he is required to make an additional showing that the factual allegations relied upon resulted from circumstances over

which he had no control. 32 C.F.R. § 1652.2 (1967); Robertson v. United States, 5 Cir., 1969, 417 F.2d 440, 447; United States v. Banks, 5 Cir., 1969, 413 F.2d 435, 436.

■ Turning to the case at hand, it is clear that appellant Johnson's employment as a teacher was not a change in circumstance beyond his control. We are not concerned here with a timely application for a teaching position by the registrant and an unreasonable delay by the employer in requesting the local board to grant the deferment. On the contrary, Johnson does not allege nor does the record reveal that the registrant even applied for teaching employment at Mary Holmes College prior to the issuance of the induction order on July 29, 1969. Therefore, while Johnson may not have been able to dictate the exact time at which his prospective employer would write the local board and request the deferment, he could well determine the moment at which he applied for the teaching position.

■ We also reject appellant's contention that the refusal of the local board to allow an appeal to the state draft board by reopening his classification constituted a denial of due process because there is no constitutional right to an administrative appeal from such a refusal. See Robertson v. United States, 5 Cir., 1968, 404 F.2d 1141, 1145, n. 12, rev'd on other grounds 417 F.2d 440 (1969).

■ As to the argument that the orders of the local board were invalid because it consisted of but two members, we find little merit since the record reveals all actions which concerned appellant were taken with a quorum [1] of two members and there has been no showing of prejudice to appellant's rights resulting therefrom.

Affirmed.

---

1. Under 32 C.F.R. § 1604.56 (1967) a majority of the members of the local draft board may constitute a quorum for the transaction of business. Thus, a three-member board, such as the one in the instant appeal, may legally operate with only two members present.