**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Jackson LEE, Jr., Defendant-
Appellant.**

**No. 29993.**

United States Court of Appeals,
Fifth Circuit.

June 11, 1971.

Rehearing Denied Aug. 6, 1971.

John D. Tarver, Huntsville, Ala., William Jackson Lee, Jr., pro se, for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before GEWIN, BELL and MORGAN, Circuit Judges.

PER CURIAM:

William Jackson Lee appeals from a judgment of conviction resulting from his refusal to be inducted into the armed forces in violation of 50 U.S.C. App. § 462. His appeal attacks the Board's refusal to open his classification in response to a request made after receipt of his notice of induction. We reject appellant's contention and affirm his conviction.

Lee's Selective Service file reveals that on October 20, 1965, the Selective Service Board of Huntsville, Alabama classified him II–S (Student Deferment) while he attended junior college. Subsequently, on April 14, 1966, he informed the Board that he was no longer a student; at the same time he requested reclassification on the basis that he was then a husband and his wife was expecting a child. After he presented the Board with verification papers as to his marriage and a physician's statement that his wife was pregnant, the Board reclassified him 3–A (Father) on April 20, 1966.

Three years later on April 14, 1969, the Board received information that Lee and his wife were divorced. Because he had not reported this change in his family status to the Board, a current information questionnaire (SSS Form No. 127) was mailed to him. He returned the form stating that he had obtained a divorce and that he was not living with his wife. On the basis of this information the Board reclassified him I–A (Available for Service) since he was no longer maintaining a bona fide family relationship. Lee appealed[1] from this classification, but it was affirmed by the appeal board for the Northern Federal Judicial District of Alabama.

Following the decision of the appeal board denying Lee's request for reclassification, the local board on September 12, 1969, ordered him to report for induction on October 1, 1969.[2] On September 26, four days before the scheduled induction date, Lee's attorney contacted the Board's secretary and requested that the Board re-open his classification and allow Lee to perfect an application for 3–A (Hardship) classification. The Board denied this request because it was made after the order of induction was issued and no showing had been made of a change in circumstances beyond Lee's control. Thereafter, he reported for induction, but refused to take the ceremonial step forward and submit to induction.

No error was committed by the Board in refusing to reopen Lee's classification. The pertinent regulation, 32 C.F.R. § 1625.2, provides that once an induction order has been mailed, a registrant's classification shall not be reopened unless "there has been a change in the registrant's status resulting from circumstances over which the registrant has no control." As shown by the chronological sequence of events between September 12, 1969 when the induction order was issued, and October 1, 1969,

---

1. He appealed on the grounds that he was the father of the child and paid child support. He stated further that he was twenty-four (24) years old and had already started a career in the music field; that it would be very unfair and inconvenient for him to go into the service at this late date in his life; and that he and his wife still saw each other on occasions and thus there was a chance that they might become reconciled and live together again.

2. After September 12, 1969, the day his induction notice was issued, Lee visited his Board several times and made various assertions to the effect that he would not submit to induction. He requested a conscientious objector form which he received, but he never completed and returned the form.

when Lee refused to submit to induction, he failed to submit any objective information as required by the regulation to show that he was entitled to reclassification because of "circumstances over which the registrant had no control." In the circumstances, therefore, the Board had no duty to reopen Lee's case, and did not abuse its discretion in declining to do so.[3]

Judgment affirmed.

---

3. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. Taylor, (5th Cir. 1971) [No. 29198]; United States ex rel. Johnson v. Irby, 438 F.2d 114 (5th Cir. 1971); Robertson v. United States, 417 F.2d 440 (5th Cir. 1969); United States v. Banks, 413 F.2d 435 (5th Cir. 1969).