**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerome SOLOMON, Defendant-Appellant.**

No. 71–1365

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Richard L. Brown, Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Jerome Solomon was convicted of violating the Selective Service Act of 1967, 50 U.S.C. App. § 462(a), by failing to report to his local selective service board for civilian work as a conscientious objector. On appeal Solomon poses this question: Did the local board deprive the defendant of his Constitutional rights to due process, equal protection of the law and freedom of religion when it refused to reopen the classification to consider whether or not defendant was entitled to a ministerial exemption from selective service? Finding that the local board acted within its discretion and according to law, we affirm the conviction.

In January, 1969, appellant received a I–O (conscientious objector) classification from his local board. In August, 1969, the local board held a hearing to explain to Solomon that he would be required to perform civilian work. In October of the same year he was appointed a Congregation Book Study Servant of the Jehovah's Witnesses. Solomon did not, however, inform the local board of his appointment at that time. On December 9, Solomon received from the local board an order requiring him to report for civilian work on December 15. Solomon responded to this order by writing his local board a letter, in which he stated that because of his status as a Book Study Servant he could not accept civilian work. This letter was received by the board on December 15.

The theory of Solomon's appeal is that when he told the board of his position as a Congregation Book Study Servant for the Central Unit Kingdom Hall in Jacksonville, Florida, he made out a prima facie case for ministerial exemption and therefore the local board was required to reopen his classification under the authority of Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). Thus the order to report was not lawful and he could not properly be convicted of violating it.

The *Mulloy* case involved a request for reclassification *before* an order to report had been mailed and held that upon a showing of prima facie entitlement to an exemption, the board must reopen. However, the case noted that if reclassification is sought *after* an order to report has been mailed, the regulations provide that the classification shall not be reopened "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 Code of

Federal Regulations § 1625.2.[1] Thus it would seem that after the order to report has been mailed, the prima facie case which registrant must make is twofold: first, he must show that new facts present a prima facie case for exemption, and in addition, he must show that the new facts resulted from circumstances over which the registrant had no control. Appellant fails on both points.

■ As to the first point, appellant relies on our decision in Wiggins v. United States, 261 F.2d 113 (5th Cir. 1958), for the proposition that a Book Study Servant in the Jehovah's Witnesses' religion is prima facie entitled to a ministerial exemption. This reliance on *Wiggins* is unfounded. As we pointed out in United States v. Chacon, 436 F.2d 411 (5th Cir. 1971), *Wiggins* "held only that the local draft board could not use the absence of a ministerial salary as a basis for denying a IV–D exemption." (p. 413). We have previously noted that the office of Book Study Servant, in itself, is insufficient to establish the ministerial exemption, even in the eyes of the sect. Camp v. United States, 413 F.2d 419 (5th Cir. 1969), cert. den., 396 U.S. 968, 90 S.Ct. 451, 24 L.Ed.2d 434 (1970); McCoy v. United States, 403 F.2d 896 (5th Cir. 1968). Cases in other circuits are in accord. United States v. Kushmer, 365 F.2d 153 (7th Cir. 1966), cert. den., 387 U.S. 914, 87 S.Ct. 1693, 18 L.Ed.2d 637; United States v. Hull, 391 F.2d 257 (4th Cir. 1968), cert. den., 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373; Fore v. United States, 395 F.2d 548 (10th Cir. 1968); United States v. Beatty, 350 F.2d 287 (6th Cir. 1965), cert. den., 382 U.S. 1028, 86 S.Ct. 651, 15 L.Ed.2d 541; compare United States v. Tichenor, 403 F.2d 986 (6th Cir. 1968). Appellant has cited no cases holding otherwise. Under these authorities, it is clear that Solomon's letter was not sufficient to make out a prima facie case for ministerial exemption.

■ As to the second point, it is apparent that his becoming a Book Study Servant was not a circumstance beyond Solomon's control. He testified at his trial that he could have declined to accept the appointment. For the purposes of this law, it must be considered that becoming a minister is something over which a person has some control. Thus there were no facts stated which prima facie showed the uncontrolled change required before the board could reopen the classification.

There are two collateral points on appeal. Solomon urges that it was error for the local board to refuse to reopen his classification because the State Director of the Selective Service System had, by letter, commanded the local board to reopen it. The short answer to this contention is that it is not supported by the evidence. The letter to the local board does not direct them to reopen Solomon's case but simply directs the board to "consider the Registrant's letter of December 15, 1969" if the board has not already done so. The proper consideration of Solomon's letter was to determine whether it set forth a prima facie

---

1. § 1625.2 When registrant's classification may be reopened and considered anew.

The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification: provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

case for reopening. This consideration appears to have been given.

Solomon also argues that the local board denied him due process of law when it failed to give its reasons for refusing to reopen his classification. He bases his argument on the cases of United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970), Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970), and Paszel v. Laird, 426 F.2d 1169 (2nd Cir. 1970). In each of these cases, the registrant had made out a prima facie case for reclassification and the court simply held that the board must state its reason for denying the request in order that there can be an effective review of its action. Without sufficient contrary reasons, the prima facie case tends to prevail. Here Solomon made out no prima facie case. Without the board's giving reasons, it remains a case which on its face cannot be reopened under the regulations. A statement of reasons by the Board as to why his letter did not make a prima facie case might be desirable in the conduct of the government's business, but due process does not require it.

Affirmed.