**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Landry Gail WALKER, Defendant-
Appellant.**

No. 71–1674
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1971.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Thomas B. Taylor, Jr., Houston, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Reese L. Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Landry Gail Walker was convicted of violating the Selective Service Act of 1967, 50 U.S.C. App. § 462(a), by failing to report for alternative civilian service as conscientious objector. On appeal Walker asserts that he had made a prima facie case for a ministerial deferment (IV-D). The record indicates that Walker completed Selective Service Form 150 detailing his religious training, beliefs and activities. On this form he stated that he attended five meetings of religious instruction each week and that he actively engaged in the field ministry of his faith. Walker is a member of the Jehovah's Witnesses sect. On September 20, 1967, Walker was classified I-O (conscientious objector). On January 26, 1968, he submitted to his local board a letter from the Congregation Servant of his congregation which stated that Walker had been appointed Assistant Book Study Conductor in his congregation.

■ Walker was summoned for an Armed Forces physical examination and found acceptable. The Board then requested that he complete forms relating to civilian work assignments available to conscientious objectors. Walker replied by letter to the Local Board that because of his beliefs he would not accept any position that supported carnal warfare, directly or indirectly. The Board replied with a direction to meet with it, at which time the Board questioned Walker on three different occasions as to whether he would agree to choose a type of employment, however at each occasion he refused. The Local Board determined that a suitable position for him would be as an aide at the Austin State Hospital in Travis County, Texas. The substance of the criminal charge in this case is his failure to report to that hospital.

We have examined Walker's assignments of error and find them to be controlled by several of our prior cases. United States v. Solomon, 450 F.2d 456 (5th Cir., 1971) [1971]; United States v. Hall, 449 F.2d 1206 (5th Cir., 1971) [1971]; Simmons v. United States, 406 F.2d 456 (5th Cir., 1969); Kemp v. United States, 415 F.2d 1185 (5th Cir., 1969); rehearing denied 419 F.2d 383, cert. den. 397 U.S. 969, 90 S.Ct. 1008, 25 L.Ed.2d 263. Walker's conviction is therefore affirmed.