**UNITED STATES of America,
Plaintiff,**

v.

**William Joseph MARTIN, Defendant.**

**No. Cr. 1969–158.**

United States District Court,
W. D. New York.

Nov. 27, 1972.

John T. Elfvin, U. S. Atty. (Philip B. Abramowitz, Buffalo, N. Y., of counsel), for the Government.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y. (Carmin R. Putrino, Buffalo, N. Y., of counsel), for defendant.

CURTIN, District Judge.

This case is a prosecution for willful refusal to report for induction into the armed services, in violation of 50 U.S.C. App. § 462(a). Among the defenses raised by the defendant in his motion for a judgment of acquittal is that he was ordered to report for induction on November 12, 1968 [1] out of the proper

---

1. While the defendant is charged with willful refusal to report for induction on June 4, 1969, he was originally ordered to report on November 12, 1968. The order

sequence established by Selective Service System Regulation 1631.7(a) as it then existed. Only questions relating to this defense are presently before the court because the government has moved to reopen its case in order to present evidence relating to the order of call.

Regulation 1631.7(a) prescribed the order in which a Local Board was to order for induction registrants classified in Class I–A and Class I–A–O. As is relevant to the instant case, the order was as follows: (1) registrants who had been declared delinquent by the Local Board; (2) registrants who had volunteered for induction, and (3) registrants who had not volunteered for induction, in the order of their dates of birth with the oldest being selected first.

At trial, counsel for the defendant used the Local Board's Selective Service System Form 102, a public register of all registrants and their current classifications, to show that there were fourteen registrants older than the defendant and classified in Class I–A who had not been ordered for induction prior to the defendant. Counsel also introduced into evidence the "Record of Delinquents" for the fourth quarter of 1968, which listed the names of registrants who had been declared delinquent by the Local Board and the dates upon which they had become delinquent. The list included one registrant who had become delinquent on November 15, 1967, almost eleven months before the defendant was ordered to report for induction. Counsel did not argue during the trial that under Regulation 1631.7(a) this registrant should have been called prior to the defendant, but he made this argument in a brief submitted after the trial.

The government attempted to rebut the defendant's evidence that a violation of Regulation 1631.7(a) had occurred. It presented testimony to explain why seven of the fourteen registrants who

appeared from the Form 102 to be subject to call before the defendant were not ordered to report for induction on November 12, 1968. It did not present proof as to the other seven registrants, however, indicating that in February, 1971 their Selective Service files had been destroyed in accordance with Selective Service procedures. In addition, the government presented no evidence pertaining to the delinquent registrant discussed in the brief submitted by counsel for the defendant.

After trial the government made the two instant motions to reopen its case in order to present evidence relating to the order of call. First, it seeks to introduce evidence to explain why the delinquent registrant was not ordered to report for induction on November 12, 1968. Second, it seeks to introduce into evidence a list of the twelve registrants ordered to report for induction on that date. The list was compiled by an employee of the Local Board following an examination of unspecified Selective Service records, and it arranges the twelve registrants according to their dates of birth. The defendant's name appears sixth on the list. If the list had been constructed in accordance with Regulation 1631.7(a) and (c), however, the defendant's name would have appeared ninth. The names of two volunteers for induction, which appear tenth and twelfth on the list, would have appeared first and second, while the name of a registrant whose induction had been postponed, which appears eleventh, would have appeared third.

The government cites United States v. Sandbank, 403 F.2d 38, 40 n. (2d Cir. 1968), cert. denied, 394 U.S. 961, 89 S.Ct. 1301, 22 L.Ed.2d 562 (1969), for the proposition that the court should be amenable to allowing the government to reopen its case. The court need not decide whether *Sandbank* is authority for

---

setting November 12, 1968 for his induction was never cancelled. Rather, the induction was merely postponed, first to January 13, 1969 and then to June 4, 1969. Consequently, whether the defend-

ant illegally refused to report for induction on June 4, 1969 depends upon whether the order setting his induction for November 12, 1968 was a legal order.

permitting reopening in the circumstances of the instant case, however. Even if reopening were allowed and the evidence sought to be introduced proved that for which it was offered, the government could explain away only eight of the fifteen registrants who appeared to be subject to call before the defendant. It could not explain away the seven registrants whose files had been destroyed, and for this reason the order of call defense would succeed. If the seven registrants had been ordered to report for induction prior to the defendant, as it appears from the Form 102 they should have been, the defendant would not have been on the list of registrants ordered to report for induction on November 12, 1968.

■ The determination that the government's case must fail because it could not present evidence explaining the omission from the call-up of seven registrants whose files had been destroyed flows from decisions of the Court of Appeals relating to the order of call defense. United States v. Sandbank, *supra*, and United States v. Weintraub, 429 F.2d 658 (2d Cir. 1970), cert. denied, 400 U.S. 1014, 91 S.Ct. 572, 27 L.Ed.2d 627 (1971), indicate that the government need not show as part of its direct case that the call-up of the defendant was not out of turn, but in regular order. Rather, the defendant may present evidence that the call-up was invalid,[2] with the right to the government to rebut such evidence. In *Sandbank*, the court analogized the order of call defense to the insanity defense, pointing out that "although it is an essential element of criminality that the perpetrator must have acted with a sane mind, the government need not establish sanity as part of its case in chief in every prosecution." 403 F.2d at 40 n. To hold that the government is required to prove as part of its direct case

that the order of call was valid would conflict "with the well-established presumption of regularity that attaches to official proceedings." *Ibid.* It follows from these statements that once the defendant destroys the presumption of regularity by making a *prima facie* showing that Regulation 1631.7(a) was violated, the government bears the burden of demonstrating beyond a reasonable doubt that the defendant was properly ordered to report for induction on his scheduled date. *See* United States v. Holby, 345 F.Supp. 639, 643–644 (S.D. N.Y.1972). To carry this burden, the government must explain away a sufficient number of registrants omitted from the call-up to establish that the defendant was properly ordered to report for induction. *See* United States v. Camara, 451 F.2d 1122, 1125 (1st Cir. 1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed.2d 808 (1972); United States v. Griglio, 334 F.Supp. 1283 (D.Mass.1971).

■ The government will not be excused from meeting the burden because records relating to the call-up and registrants omitted therefrom have been destroyed. While there may have been "numerous legitimate reasons" why apparently eligible registrants older than the defendant were omitted from the call-up the court cannot accept "speculation" about the status of these registrants. United States v. Corley, 4 S.S. L.R. 3491, 3492 (D.S.C.1971). United States v. Hall, 449 F.2d 1206 (5th Cir. 1971), cert. denied, 405 U.S. 957, 92 S.Ct. 1187, 31 L.Ed.2d 235 (1972), cited by the government, does not compel a contrary conclusion. *Hall* recognized the principle enunciated in *Sandbank* that, because of the presumption of regularity, the government need not prove as part of its direct case that the defendant was called in the proper sequence, and it held that the rule applies even

---

2. As to the showing necessary to raise the defense, *Weintraub* held sufficient the introduction of the Local Board's Form 102, which showed an apparent departure from the proper order of call in that the defendant was called prior to other registrants who appeared from the Form 102 to be subject to call before him. 429 F.2d at 660.

where Selective Service records have been destroyed. In *Hall,* the defendant presented no evidence that the order of call was improper, and the case did not hold that, where the defendant produces some evidence that he was called out of the proper sequence, the government can escape its burden of proof by showing that the records pertaining to the order of call have been destroyed.

On the basis of the foregoing, the government's motions to reopen its case are denied, and the defendant's motion for a judgment of acquittal is granted.

So ordered.