**UNITED STATES of America, Appellee,**

v.

**Daniel Francis JOHNSON, Appellant.**

**No. 823, Docket 71-1041.**

United States Court of Appeals, Second Circuit.

Argued April 14, 1971.

Decided May 25, 1971.

Jeremiah S. Gutman, New York City (Levy, Gutman, Goldberg & Kaplan, New York City, Donald L. Doernberg, New York City, of counsel), for appellant.

Peter Truebner, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, Arthur A. Munisteri, Asst. U. S. Atty., of counsel), for appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Defendant appeals from a judgment of conviction in the United States District Court for the Southern District of New York after a one-day trial before Milton Pollack, Judge, sitting without a jury. He was charged with having unlawfully failed to report for induction into the Armed Forces, in violation of 50 U.S.C.App. § 462(a). We find no error and affirm the judgment.

The Selective Service history of appellant up to the date set for his induction was stipulated to be as follows:

"1. On September 17, 1965, defendant registered with the Selective Service System at Local Board No. 17, Monticello, New York.

2. From November 1965 to June 1969, defendant was duly and regularly granted II–S deferments as a full-time student pursuing a degree at the State University College at Cortland, New York.

3. On July 22, 1969, defendant was classified I–A.

4. On July 23, 1969, the Local Board mailed to defendant a classification card (SSS Form 110) showing his I–A classification and a form captioned 'Advice of Right to Personal Appearance and Appeal' (SSS Form 217), which explained defendant's right to a personal appearance before his Board or an appeal to the State Appeal Board. In either case, Form 217 stated the request 'must be made in writing to this Local Board within 30 days from the date of mailing' of the SSS Form 110.

5. Defendant failed to exercise either right within the prescribed 30-day period.

6. On August 12, 1969, the Local Board mailed to defendant an Order to Report for Armed Forces Physical Examination (SSS Form 223) on September 10, 1969.

7. On September 10, 1969, defendant reported as ordered for his pre-induction physical examination and was found acceptable for military service.

8. On October 9, 1969, the Local Board mailed to defendant an Order to Report for Induction (SSS Form 252) for November 5, 1969.

9. On October 17, 1969, defendant appeared at the Local Board to request an application for Conscientious Objectors (SSS Form 150). He was personally given Form 150, which bore on its face the typewritten instructions 'complete and return within 30 days.' At the same time, defendant's Order to Report for Induction previously fixed for Novem-

ber 5, 1969 was postponed 'pending c. o. interview.'

10. On December 18, 1969, the Local Board mailed to defendant the following note:

'On October 17, 1969, you requested and received a SSS Form 150 (for Conscientious Objectors).

'You were also given a postponement for a c. o. interview from your induction date set for November 5, 1969. However, since you have not returned the above mentioned form as of this date and the time elapsed for returning your postponement is cancelled.'

11. On December 22, 1969, the Board received a letter from defendant in reply to the Board's letter of December 18, 1969, a copy of which is attached as Exhibit A.[1]

12. On December 22, 1969, the Clerk of Local Board No. 17 called Col. Byron Meader, New York State Selective Service Operations Officer, and explained the defendant's failure to file the Form 150 in the allotted time. Col. Meader directed that the defendant be ordered for induction with the January 1970 group."

Defendant was ordered to report for induction on February 16, 1970, at Local Board No. 17 at Monticello, New York at 6:30 a. m. When he failed to appear, the Clerk of Local Board No. 17 called him to ask why he had failed to come. Defendant answered the telephone and stated that he had planned to report to turn in his registration card and refuse induction. He claimed that he had fallen asleep at about 3:00 a. m. and had overslept. He says he was awakened by the call from the Clerk of the Board.

Later that morning defendant appeared at the offices of Local Board No. 17. At the Board office he signed a statement purporting to refuse induction. The clerk informed him that there was nothing left for him to do and he left. On March 4, the Board received defendant's completed Special Form for Conscientious Objectors. The next day the Board mailed him a letter directing him to report for a discretionary interview to be held for the purpose of determining his classification. On April 1, the Board mailed defendant a current information questionnaire, which he completed and returned. On April 7, defendant appeared before the Board. The Board declined to reopen his classification and the criminal prosecution for failure to report for induction went forward, resulting in his conviction.

---

1. Exhibit A:

Daniel F. Johnson
Narrowsburg, New York

Local Board No. 17
200 Broadway
Monticello
New York 12701
Dear Director:

Your letter, stating that my plea for a postponement of induction for C.O. reasons has been cancelled, came as a frightening shock to me. I definitely thought the seriousness of my plea would merit an interview. You reason that my lack of promptness in returning the C.O. is just reason for the cancellation of my interview. I find this reasoning destructive in considering the weight and importance of my claim.

I have three reasons for the delay in the filing of my claim. Firstly, I needed the interview to clarify many of the ambiguous terms in the form such as religious, moral and philosophical. Secondly, I needed several weeks to think through my claim to present a precision in thought that would be understandable to you. Thirdly, I needed time to apply to VISTA. This third reason was profitable for I have officially applied to VISTA and my application is presently filed in Washington. I am patiently waiting a reply.

On December 20, Monday, I will be over to talk to you to discuss the weight of my claim and the interview. I hope that you will reconsider your decision in the light of my humble request to have an interview.

Very truly,
Daniel F. Johnson

On appeal, defendant argued that there was no proof that he possessed the necessary intent to commit the crime of failing to report for induction. For the commission of the crime of failure to report, the failure must be willful, rather than inadvertent. United States v. Rabb, 394 F.2d 230 (3 Cir. 1968); Graves v. United States, 252 F. 2d 878 (9 Cir. 1958). This requirement, however, was plainly met here. Johnson came to the Local Board not to report for the purpose of induction, but to refuse induction. See United States v. Kurki, 384 F.2d 905 (7 Cir.), cert. denied, 390 U.S. 926, 88 S.Ct. 861, 19 L. Ed.2d 987 (1968); United States v. Meyers, 410 F.2d 693 (2d Cir.) cert. denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed. 2d 86 (1969).

Defendant makes the further argument that the Local Board had reopened his classification, and therefore the order to report which defendant has been convicted of violating is no longer valid. It is claimed, in other words, that the Board has effectively reopened defendant's case on the administrative level. However, if a board reopens, it is required to take certain action, which it did not take in this case.[2] Defendant admits that the Board took no new action after its April 7 meeting with him; the Board felt that the matter was out of its hands and now the responsibility of the attorney general, since defendant had already refused induction. The Board's records indicate that "[t]he registrant's classification was not reopened." Thus, it appears that all that happened was that the Board was considering whether to reopen defendant's classification, and chose not to.

The regulations permit reopening after notice to report for induction only for a change in status resulting from circumstances over which the registrant had no control. These regulations are lawful and valid. Ehlert v.

United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, 1971. Here Johnson's backing and filling on his conscientious objection claim was properly not permitted retroactively to avoid the valid order to report for induction and indefinitely to postpone his duty to report. He showed no change in circumstances over which he had no control. The judgment is affirmed.

---

2. 32 C.F.R. Section 1625.11 provides in relevant part:

When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified.