446 F.2d 1002
 UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Everett KILLBY, Defendant-Appellant.
No. 28781 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 June 17, 1971.
 
 William C. O'Kelley, Atlanta, Ga., Benjamin Landey, O'Kelley, Hopkins & Van Gerpen, Atlanta, Ga., for defendant-appellant.
 John W. Stokes, Jr., U.S. Atty., Robert E. Whitley, Julian M. Longley, Jr., Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Barry Everett Kilby was convicted of failing to submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. 462, and appeals.
 
 
 2
 Six days after having received his notice to report for induction, appellant, allegedly a member of the Jehovah Witnesses sect, claimed for the first time a conscientious objector exemption. The local board declined to reopen his classification. We affirm.
 
 
 3
 Appellant contends that the statute (50 U.S.C. App. 456(j)) which provides the conscientious objector exemption prescribes no limitation of time for assertion thereof, and should not be circumvented by the Selective Service Regulations (32 C.F.R. 1625.a), which preclude the reopening of the classification after notice to report for induction unless the board specifically finds that there has been a change in status resulting from circumstances over which the registrant had no control. In Davis v. United States, 5 Cir., 1967, 374 F.2d 1, we decided an identical contention adversely to the registrant. In so doing we noted that there was some authority upholding registrant's view, but aligned ourselves with the weight of authority to the contrary, 374 F.2d at 4. The Ninth Circuit, sitting en banc, subsequently reached the same conclusion, citing Davis with approval. Ehlert v. United States, 9 Cir., 1970, 422 F.2d 332, 333. The Supreme Court granted certiorari in Ehlert, 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970), and in its recent decision, Ehlert v. United States, 402 U.S. 99, 101, 91 S.Ct. 1319, 1321, 28 L.Ed.2d 625 (1971), resolved the 'conflict among the circuits over the interpretation of the governing Selective Service regulation', noting the Fifth Circuit (in Davis) and the Ninth Circuit to be in accord on one side of the conflict. In affirming the Ninth Circuit, upholding the conviction of Ehlert, the Supreme Court said:
 
 
 4
 'A regulation explicitly providing that no conscientious objector claim could be considered by a local board unless filed before the mailing of an induction notice would, we think, be perfectly valid, provided that no inductee could be ordered to combatant training or service before a prompt, fair, and proper in-service determination of his claim. The Military Selective Service Act of 1967 confers on the President authority 'to prescribe the necessary rules and regulations to carry out the provisions of this title * * *.' 50 U.S.C. App. 460(b)(1). To read out of the authority delegated by this section the power to make reasonable timeliness rules would render it impossible to require the submission, before mailing of an induction notice, of a claim matured before that time. The System needs and has the power to make reasonable timeliness rules for the presentation of claims to exemption from service.
 
 
 5
 'A regulation barring post-induction notice presentation of conscientious objector claims, with the proviso mentioned, would be entirely reasonable as a timeliness rule. Selective Service boards must already handle prenotice claims, and the military has procedures for processing conscientious objector claims that mature in the service. Allocation of the burden of handling claims that first arise in the brief period between notice and induction seems well within the discretion of those concerned with choosing the most feasible means for operating the Selective Service and military systems. Further, requiring inservice presentation of post-notice claims would deprive no registrant of any legal right and would not leave a 'no man's land' time period in which a claim then arising could not be presented in any forum.'
 
 
 6
 402 U.S. at 102, 91 S.Ct. at 1322.
 
 
 7
 We find no invalidity in the induction order, and that there was ample evidence to support the jury's finding that appellant wilfully refused to comply with the order. In short, there is no merit to appellant's contentions.
 
 
 8
 Affirmed.