UNITED STATES of America, Appellee,

v.

Alford COLLINS, Appellant.

No. 13922.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1970.

Decided July 12, 1971.

John L. Allen and Lester C. Hess, Jr., Wheeling, W. Va. (Bachmann, Hess, Bachmann & Garden, Wheeling, W.Va., and Ralph K. Helge, Pasadena, Cal., on brief), for appellant.

Thomas M. McCullouch, Asst. U. S. Atty. (Paul C. Camilletti, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

The defendant was convicted of refusing induction into the armed services over his objection that he was exempt from military training and service by reason of his conscientious objection to participation in war, a belief which, he said, had crystallized after receipt of his order to report for induction.*

In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, the Supreme Court held that under current interpretations of the applicable statutes and regulations a registrant's local board is not required to consider claims of conscientious objection alleged to have arisen after an order to report has issued. Such claims may be heard by, and must be presented to, the agencies charged with processing in-service applications for relief. The failure of the de-

fendant's local board to reopen his classification after he was ordered to report, therefore, is unavailable as a defense to a prosecution for refusing induction.

Affirmed.

---

* Several claims of procedural irregularity in the local board's issuance of the order and in the defendant's processing at the induction station are also raised. We find no substance in any of them.