**UNITED STATES of America, Appellee,**

v.

**Robert Kenneth BUSH, Appellant.**

**No. 15428.**

United States Court of Appeals, Fourth Circuit.

Nov. 4, 1971.

Richard E. Crouch, Arlington, Va., on the brief for appellant.

Brian P. Gettings, U. S. Atty., and Justin W. Williams, Asst. U. S. Atty., on the brief for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Senior Circuit Judges.

PER CURIAM:

Robert Kenneth Bush appeals from a denial of a motion to set aside his conviction by the district court, sitting without a jury, for failure to submit to induction into the armed forces, 50 U.S. C.App. § 462(a).

■ Bush claims an exemption from military service and training by reason of his conscientious objection to participation in war, a belief, which he said, had crystallized after receipt of his order to report for induction. The recent decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971) is dispositive of this claim. There the Supreme Court held under current interpretation of the applicable statutes and regulations a registrant's local board is not required to consider I–O reclassification after the mailing of the induction order to him.[1]

■ We see no merit in Bush's constitutional assertions that the Regulation (32 C.F.R. § 1625.2) discriminates against or denies equal protection to him. We discern no convincing reason why the timeliness rule for the presentation of claims to exemption from service is unreasonable or irrational or works any deprivation of statutory rights or that he was subjected to combatant training or service until his claim was acted on. See Ehlert, supra, at pages 101, 102, and 103, 91 S.Ct. 1319.

■ Bush urges that the local board did not make the sort of fact-finding statement as required in post induction cases. United States v. Broyles, 423 F. 2d 1299 (4th Cir. 1970). The board might have specifically stated that his claim was filed after the mailing of the induction order and, thus, that it was foreclosed by 32 C.F.R. § 1625.2(b) instead of the conclusory paraphrase of the statute that, "We did not find that there has been a change in your status resulting from circumstances over which you had no control." Nevertheless, the lateness of the claim provided a basis in fact for the board's denial of a reopening, and since no one could have been misled, the general language suffices.

■ We find no substance in Bush's assertions that (1) the local board misled him in giving him the SSS Form 150, and (2) his conviction may have rested upon the trial court's presumption that he lied. The facts are unassailable. Bush filed his request for reclassification after the induction order had been issued. Guided by Ehlert, supra, we held in United States v. Collins, 445 F.2d 653 (4th Cir. 1971) that "The failure of the defendant's local board to reopen his classification after he was ordered to report, therefore, is unavailable as a defense to a prosecution for refusing induction." See also Grosfeld v. Morris, 448 F.2d 1004 (4th Cir., 1971).

Dispensing with oral argument, we affirm the conviction.

Affirmed.

---

1. Section 1625.2 of the Selective Service Regulations, 32 C.F.R. § 1625.2 (1971) provides in part:

"* * * [T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order for Induction * * * unless the local board specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."